IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYUBOV MELNIK,

          Plaintiff,                  No. CIV S-09-2638 JAM EFB PS

     vs.

COUNTRYWIDE FINANCIAL
CORPORATION; RECONTRUST
COMPANY, N.A.; and LANDSAFE
TITLE OF CALIFORNIA, INC.,          <u>ORDER AND</u>
                                                     <u>ORDER TO SHOW CAUSE</u>

          Defendants.
_____/

       This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 21, 2009, defendants removed the action to this court from Placer County Superior Court on the ground that plaintiff's first amended complaint alleges numerous federal claims, and on October 9, 2009, moved to dismiss and strike plaintiff's first amended complaint. Dckt. Nos. 1, 12. Defendants noticed the motion for hearing on December 16, 2009. Dckt. No. 12.

       Court records reflect, however, that defendants have not filed a copy of plaintiff's first amended complaint. Therefore, defendants' motion to dismiss and motion to strike that complaint will be denied without prejudice. Additionally, defendants will be ordered to show

1

cause why this action should not be remanded to state court due to defendants' failure to file a copy of all of the pleadings, process and orders that were served on them in the state action, and as a result, defendants' failure to establish that this court has subject matter jurisdiction over the action.[1]

Removing defendants "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Defendants state in their notice of removal that they were served with a copy of plaintiff's first amended complaint on September 16, 2009; however, that amended complaint was not filed with defendants' notice of removal. Although this procedural defect may have been waived by plaintiff's failure to challenge it, this court has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Although defendants' notice of removal contends that this court has federal question jurisdiction since plaintiff's first amended complaint alleges various federal claims, their failure to file a copy of the first amended complaint precludes the court from verifying that jurisdiction.

/////

---

[1] Plaintiff has not moved to remand this action based on defendants' procedural defects upon removal and does not contend that this court lacks federal question jurisdiction based on plaintiff's first amended complaint. Instead, plaintiff's response to defendants' motion to dismiss seeks to voluntarily dismiss the federal claims from his first amended complaint and have the state law claims remanded to state court. Dckt. No. 14 at 2, 4. Because the court does not have a copy of plaintiff's first amended complaint, plaintiff's request to voluntarily dismiss the federal claims stated therein will not be addressed at this time.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss and strike plaintiff's first amended complaint, Dckt. No. 12, is denied without prejudice, and the December 16, 2009 hearing thereon is vacated.

2. Defendants shall show cause, in writing, no later than December 30, 2009, why this action should not be remanded to state court due to defendants' failure to file a copy of all of the pleadings, process and orders that were served on them in the state action, and as a result, defendants' failure to establish that this court has subject matter jurisdiction over the action.

3. Failure of defendants to file a response to the order to show cause will be deemed a statement of non-opposition to remand, and may result in a recommendation that this action be remanded to Placer County Superior Court.

4. On or before January 6, 2010, plaintiff may file a reply to defendants' response to the order to show cause.

SO ORDERED.

DATED: December 3, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE