IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYUBOV MELNIK,

           Plaintiff,                No. CIV S-09-2638 JAM EFB PS

     vs.

COUNTRYWIDE FINANCIAL
CORPORATION; RECONTRUST
COMPANY, N.A.; and LANDSAFE
TITLE OF CALIFORNIA, INC.,           ORDER AND
                                              ORDER TO SHOW CAUSE
           Defendants.
_____/

        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 21, 2009, defendants removed the action to this court from Placer County Superior Court on the ground that plaintiff's first amended complaint alleges numerous federal claims, and on October 9, 2009, moved to dismiss plaintiff's first amended complaint. Dckt. Nos. 1, 12.

        On December 3, 2009, the undersigned issued an order denying defendants' motion to dismiss without prejudice because defendants failed to file a copy of plaintiff's first amended complaint. Dckt. No. 17. After filing a copy of the amended complaint, on January 13, 2010, defendants renoticed the motion to dismiss for hearing on February 17, 2010. Dckt. No. 20.

////

Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by February 3, 2010. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss is vacated;[1]

2. Plaintiff shall show cause, in writing, no later than February 26, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than February 26, 2010.

////

---

[1] If the court determines that oral argument on the motion would be of assistance to the court, it will reschedule a hearing on the motion.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

5. Defendants may file a reply to plaintiff's opposition, if any, on or before March 5, 2010.

SO ORDERED.

DATED: February 5, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE