IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LYUBOV MELNIK, | | |
| | Plaintiff, | No. 2:09-cv-02638 JAM KJN PS |
| vs. | | |
| COUNTRYWIDE FINANCIAL CORPORATION, et al., | | ORDER AND |
| | | FINDINGS AND RECOMMENDATIONS |
| | Defendants. | |
| _____/ | | |

      On September 21, 2009, defendants removed this action to this court from Placer County Superior Court pursuant to 28 U.S.C. § 1441, on the grounds that plaintiff's first amended complaint alleges that defendants are liable for violations of numerous federal statutes.[1] (See Dkt. No. 1 at 2-3.) On October 9, 2009, defendants moved to dismiss plaintiff's first amended complaint for failure to state a claim on which relief can be granted, Fed. R. Civ. P. 12(b)(6), and moved to strike portions of plaintiff's first amended complaint, Fed. R. Civ. P. 12(f). (Dkt. No. 12.)

      On December 3, 2010, the court issued an order denying defendants' motion to

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 25).

dismiss and motion to strike without prejudice because defendants failed to file a copy of plaintiff's first amended complaint with the court. (Dkt. No. 17.) On December 23, 2009, defendants filed a copy of plaintiff's first amended complaint with the court and, on January 13, 2010, re-noticed their motion to dismiss and motion to strike for hearing on February 17, 2010. (Dkt. Nos. 18, 20.)

Plaintiff failed to file an opposition or statement of non-opposition to defendants' motion to dismiss and motion to strike. As a result, on February 5, 2010, the court: (1) vacated the February 17, 2010 hearing on defendants' motions; (2) directed plaintiff to show cause, in writing, no later than February 26, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions; and (3) directed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, no later than February 26, 2010. (Dkt. No. 24 at 2.) The order further cautioned plaintiff that "[f]ailure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)." (Id. at 3.)

The deadline for plaintiff to respond has passed and the court's docket reflects that plaintiff has neither responded to the order to show cause nor filed an opposition or statement of non-opposition to defendants' motions. In light of plaintiff's failures, the undersigned will recommend that this action be dismissed for failure to prosecute and that defendants' motion to dismiss and motion to strike be denied as moot. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King

v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference currently set for hearing on May 6, 2010, is vacated.[2]

It is FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action;

2. Defendants' motion to dismiss and motion to strike (Dkt. No. 12) be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As a result, the parties are not required to submit status reports as provided in the court's September 22, 2009 order and February 17, 2010 minute order.  (See Dkt. Nos. 8, 26.)  However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.